[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 27 April 1993 Date of Application: 27 April 1993 Date Application Filed: 27 April 1993 Date of Decision: 22 March 1994
Application for review of sentence imposed by the Superior Court judicial District of Ansonia/Milford at Milford. Docket No. CR 22-7277.
John R. Gulash, Esq. for the Petitioner
Mary Galvin, Esq. for the State of Connecticut
[BY THE DIVISION]
The record shows that the Milford police were called to the Devon Motel to investigate a domestic dispute. Upon arrival, they heard six to seven gun shots. When they responded to the area of the gunshots, they found the petitioner who with hands raised stated, "I shot her, I shot her." The petitioner then showed the police the gun he had tucked in his waistband. The victim was lying on the ground bleeding from the mouth, head, leg, and abdomen. She died a short time later as a result of the gunshot wounds.
The petitioner pled guilty to Manslaughter it degree in violation of Connecticut General Statutes 53a-55(a)(2). The court, at the time of sentencing, imposed a sentence of eighteen years to serve.
At the hearing counsel noted that the crime was committed by the petitioner when he was under an extreme emotional distress. Counsel indicated that the petitioner is truly a passive, mild mannered person and this grave act was an isolative emotional incident. He noted that the petitioner has suffered from psychiatric difficulties which included a genuine suicide attempt on his life. Counsel felt this was truly a manslaughter case and that the sentencing court did not give enough consideration to the fact that the petitioner had no prior record and that he was extremely remorseful for what he did. Counsel felt that . . . "some reduction is appropriate."
The petitioner, when he addressed the panel, expressed his extreme remorse and asked for a reduction in sentence to be with his mother fearing that she will not be alive by the time he is released from custody.
The state's attorney pointed out to the panel that the presentence report indicated that the petitioner carried a gun around with him while knowing he had no permit to do so. She felt that the state gave a break to the petitioner when it reduced the case to the charge of manslaughter. She urged the panel to affirm the sentence of the court.
We note the remarks of the sentencing court in which it indicated that the effect of the plea bargaining with the state and the subsequent reduction of the charges from Murder CT Page 4460 to Manslaughter put the sentencing cap figure in the area of being fair and reasonable. Considering that the victim died as a result of the acts of the petitioner, this panel, when examining the sentence imposed in accordance with P.b. 942, cannot find that the sentence is either inappropriate or disproportionate. THE SENTENCE IS AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purrill, and Klaczak, J. participated in this decision.